

FILED
2020 Dec-08 PM 01:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL HORSLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **MIDLAND CREDIT** ) | |
| **MANAGEMENT, INC.** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Michael Horsley, for actual and statutory damages, attorney's fees, and costs for Defendant Midland Credit Management, Inc.'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and state law.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendants transacted business in this District, and the Plaintiff resides in this District.

## STATEMENT OF THE PARTIES

1. Plaintiff, Michael Horsley, is over the age of nineteen (19) years and is a resident of the town of Cleveland in Blount County, Alabama.

2. Defendant, Midland Credit Management, Inc. ("Midland"), is a foreign corporation incorporated in the State of Delaware. Midland was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State. Plaintiff asserts that Midland is regularly engaged in the business of collecting consumer debts from consumers residing in St. Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

### *Background*

3. On or about December 18, 2019, Midland filed or caused to be filed a lawsuit against Plaintiff in the Small Claims Court of Blount County, Alabama which was assigned case number 08-SM-2019-900956 (hereinafter referred to as "the lawsuit").

4. The lawsuit involved a debt allegedly owed by Plaintiff to Credit One Bank, N.A., an entity not a party to this lawsuit, as the result of the

alleged use of a credit card. Midland filed the lawsuit in an attempt to collect an alleged debt from the Plaintiff.

5. The alleged debt was incurred for personal or household purposes.

6. Attached to the state court lawsuit was an affidavit executed by Kenneth Sell, allegedly an employee of Midland. In the affidavit, Kenneth Sell testified that Midland was the owner of "and/or successor to," the debt made the basis of the small claims lawsuit.

7. Kenneth Sell went on to testify in the affidavit that he reviewed "the electronic records pertaining to the account maintained" by Midland. According to Kenneth Sell's affidavit testimony, "the electronic records reviewed *consist of data acquired from the seller or assignor*" together with records generated by" Midland.

8. In its complaint Midland represented, through the affidavit of Kenneth Sell, that Credit One Bank, N.A. assigned an account allegedly belonging to Michael Horsley to Midland and claimed that Mr. Horsley allegedly had a balance due on the account of $1,325.92.

9. Kenneth Sell's affidavit further purported to show a "chain of title" for the account. That chain of title indicated that two other entities allegedly purchased or were assigned the alleged debt prior to

Midland.

10. No documents that would substantiate any of Kenneth Sell's testimony were included with the affidavit or with the filed small claims lawsuit.

11. Plaintiff has never done business with Midland and has never owed Midland any money.

12. Plaintiff, through counsel, answered Midland's Small Claims Complaint and denied all of the allegations made in the lawsuit.

13. Trial was held on Midland's alleged claim against Mr. Horsley on March 10, 2020.  Following the trial the Court entered judgment in favor of Michael Horsley and against Midland.

14. Despite bearing the burden of proof at trial, Midland called no witnesses at trial in support of its claims against Michael Horsley. Further, Midland offered no competent evidence at trial that the alleged debt was assigned to Midland, that Midland owned the alleged debt and as such had any standing to bring suit against Mr. Horsley or that Mr. Horsley was in any way responsible for paying the alleged debt claimed by Midland in the Complaint.  As a result, judgment was entered in favor of Michael Horsley and against

Midland.

15. In support of the lawsuit filed against Michael Horsley, Midland prepared and filed a false affidavit purportedly signed by a person named "Kenneth Sell." Plaintiff alleges that Kenneth Sell has no personal knowledge of the statements made in the affidavit filed along with Midland's lawsuit.

16. Further, as indicated by the judgment in Plaintiff's favor, the statement that Plaintiff owed a balance of $1,325.92 to Midland was false. Plaintiff has never owed Midland any money.

17. Plaintiff alleges that the "business records" Kenneth Sell purportedly reviewed were records of Credit One Bank, N.A. Plaintiff alleges that Kenneth Sell could not and cannot testify regarding the creation or maintenance of Credit One Bank, N.A.'s business records and that he lacks personal knowledge of how Midland's business records are prepared or maintained and further lacks personal knowledge regarding any of the activities of the two separate entities that purportedly owned or were assigned the alleged debt before Midland.

18. Each year Midland files or causes to be filed hundreds if not thousands of lawsuits against consumers in Alabama without any

intention of proving the claims it alleges; with the knowledge that it will not have any witnesses to testify on its behalf at trial and knowing that it will not be able to offer competent evidence at trial.

19. The pattern and practice of Midland is to file lawsuits, such as the Small Claims Court lawsuit at issue in this case, in an attempt to either secure a default against Alabama consumers who fail to answer the bogus complaints Midland files or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Midland knows it has no witnesses and no competent evidence to prove its claims. Further Defendants' practice is to file false affidavits signed by employees who lack personal knowledge of the facts they swear to in the affidavits.

20. The case filed against Mr. Horsley is not an outlier nor was it filed by mistake. Rather, as discovery in this case will likely show, it is merely an example of the unfair and intentionally illegal business model that Defendants have put into place.

**COUNT ONE**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

21. The foregoing acts and omissions of Defendant and its employees and

agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., including, **but not limited to**, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

22. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendant in its wrongful collection efforts, Plaintiff suffered actual damages including physical pain, mental anguish and emotional distress.

23. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT TWO
## MALICIOUS PROSECUTION

24. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

25. Defendant Midland sued the Plaintiff.

26. Midland lacked probable cause to file the lawsuit.

27. Midland maliciously filed the lawsuit against the Plaintiff.

28. The lawsuit ended in favor of Michael Horsley and against Midland.

29. As a result of Midland's frivolous lawsuit, Plaintiff was harmed.

## COUNT THREE
## ABUSE OF PROCESS

30. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31. Defendant Midland filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debt and that Plaintiff was indebted to Midland.

32. Defendant Midland never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

33. The ulterior purpose was to attempt to force Plaintiff into paying Midland for a debt that Midland either could not or refused to establish by any competent evidence or to obtain a default judgment against the Plaintiff without any competent evidence supporting Midland's claims.

34. Midland was aware, at the time the lawsuit was filed, that it bore the

burden of proof but despite that burden, it would never attempt to prove the claims alleged in the lawsuit and would not bring witnesses to Court or be able to admit competent evidence in support of its claims.

35. Midland was aware that this conduct would harm the Plaintiff either by forcing him to pay a debt that Defendant knew it would not or could not prove or, alternatively, by obtaining a default judgment against Michael Horsley on a debt Defendant knew it would not or could not prove in a court of law and would proceed with garnishing his wages.

36. This conduct by Midland is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Plaintiff.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur physical pain as well as mental distress and emotional suffering and incurred other actual damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims statutory, compensatory and punitive damages of the Defendant, plus interest, costs,

reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant's conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Michael Horsley
64 Racheal Lane
Cleveland, AL 35049

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**MIDLAND CREDIT MANAGEMENT, INC.**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104